IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA BURSON | § | |
|     Plaintiff, | § | |
| VS. | § | |
| | § | |
| FLORENCE INDEPENDENT SCHOOL | § | 1:15-CV-0196-LY-ML |
| DISTRICT | § | |
|     Defendant. | § | |

**REPORT AND RECOMMENDATION OF THE UNITED
STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Florence Independent School District's Motion to Dismiss For Plaintiff's Failure to State a Claim, filed April 4, 2015 [Dkt. # 10]; Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Leave to Amend Complaint, filed April 28, 2015 [Dkt. #12]; and Defendant's Reply to Plaintiff's Response to Motion to Dismiss, filed May 5, 2015 [Dkt. #13]. The matters were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

### I.    BACKGROUND

Plaintiff Donna Burson ("Burson") filed this action on March 3, 2015, naming as sole defendant the Florence Independent School District ("FISD"). Plaintiff's complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200(e) *et seq*. [Dkt. #1]. On

April 28, 2015, Plaintiff filed a Motion for Leave to Amend Complaint and a proposed Amended Complaint. [Dkt. #12].

Plaintiff alleges she was the victim of sexual harassment while an employee at FISD, which created a hostile work environment for Plaintiff. [Dkt. #1]; [Dkt. #12]. Prior to the events made the basis of this suit, Plaintiff Burson had been employed by Defendant FISD for 16 years with a record of good performance that the Defendant does not dispute. [Dkt. #1]; [Dkt. #12]; [Dkt. #11]. In February 6, 2014, Burson alleges that FISD's new superintendent, Sam Atwood ("Atwood"), began making inappropriate and unwanted sexual advances towards Plaintiff. [Dkt. #1]; [Dkt. #12]. To support this assertion, Plaintiff claims that: (1) Atwood asked Plaintiff to bring photographs of herself as a high school cheerleader to show him; (2) Atwood told Plaintiff in a salacious manner that a mutual colleague liked to look at women; (3) Atwood made comments to Plaintiff about having received sexual advances from students and women; (4) Atwood made additional salacious comments to Plaintiff about a former employee's sex life, and; (5) Atwood told Plaintiff he "really, really liked her." [Dkt. #1]; [Dkt. #12].

All of the alleged conduct took place within a period of about two weeks, at the end of which Plaintiff reported the conduct to the President of the school board. [Dkt. #1]; [Dkt. #12]. Plaintiff asserts that no action was taken to prevent Atwood's harassment of her, and that she was told she must be misinterpreting Atwood's remarks or had invited such conduct. [Dkt. #12]. There were no positions available to transfer Plaintiff which did not necessitate working with Atwood, and as a result Plaintiff constructively discharged herself on March 26, 2014, claiming that the discriminatory treatment from Atwood and Defendant affected her health and well-being. [Dkt. #12].

On February 20, 2015, Plaintiff received a notice of her right to sue from the U.S.

Department of Justice, and now seeks injunctive relief and damages based on her Title VII hostile work environment and retaliatory discharge causes of action. [Dkt. #1]; [Dkt. #12].

## II.   LEAVE TO AMEND

Plaintiff filed her Motion for Leave to Amend within 21 days of serving the original complaint. [Dkt. #12]. Pursuant to Federal Rule of Civil Procedure 15(a)(1), she is entitled to the amendment at this juncture "as a matter of course." *Id.* Accordingly, IT IS ORDERED that the motion to amend the complaint is GRANTED.

Defendants contend their Motion to Dismiss [Dkt. #10] applies with equal force to the factual allegations and argument in Plaintiff's Amended Complaint, *see* Reply [Dkt. #13]. The undersigned agrees, and therefore RECOMMENDS the District Court consider the pending Motion to Dismiss on its merits as applied to the Amended Complaint. For the reasons discussed in detail below, the undersigned further RECOMMENDS the District Court GRANT the Motion to Dismiss [Dkt. #10] without prejudice.

## III.  MOTION TO DISMISS

### A.   Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*,

550 U.S. 544, 555-57 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570.  The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009).  The standard is properly guided by "[t]wo working principles." *Id*.  First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 678.  Second, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. *Id.*  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*., (quoting FED. R. CIV. P. 8(a)(2)).

    **B.**    **Hostile Environment Claim**

Harassment on the basis of sex is a violation of section 703 of Title VII.  29 C.F.R. § 1604.11.  But Title VII is not a "general civility code" and therefore not all offensive conduct in the workplace is actionable as sexual harassment.  *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998); *see generally* 42 U.S.C.A. § 2000e *et seq*.  A Title VII hostile work environment claim is only actionable if the alleged sexual harassment is "so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." *Meritor*

4

*Savings Bank FSB v. Vinson*, 477 U.S. 57, 67 (1986); *DeAngelis v. El Paso Mun. Police Officers Ass'n.*, 51 F.3d 591, 594 (5th Cir. 1995).

Plaintiff's factual allegations do not satisfy these criteria for a Title VII hostile environment cause of action. *See generally* Am. Compl. [Dkt. #12]; *compare with Meritor*, 477 U.S. at 67 (finding that not all workplace conduct that may be described as "harassment" is a violation of Title VII). To state a hostile environment claim based on sexual discrimination, the conduct alleged must be so insensitive and outrageous towards women as to alter the conditions of employment and destroy their equal opportunity in the workplace. *DeAngelis*, 51 F.3d at 593. The effects of the alleged offensive conduct must be judged by an objective "reasonable person standard." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Conduct that is not severe or pervasive enough to create an environment that a reasonable person would find hostile is beyond Title VII's purview. *Id.* The statute is not meant to "insulate women from everyday insults," *DeAngelis*, 51 F.3d at 593, or impose liability for "conduct that periodically wounds or offends but does not impede a female's job performance." *Id.*

The Supreme Court has repeatedly emphasized that "simple teasing, offhand comments, and isolated incidents" are not sufficient to invoke a Title VII hostile environment claim. *Clark County School Dist. V. Breeden*, 532 U.S. 268, 271 (2001); *see also Faragher*, 524 U.S. at 788 (judicial standards for sexual harassment must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing"). Atwood's request for Burson's cheerleading picture is, under the reasonable person standard, "simple teasing"—just as a request for a male employee's old sports photo would be taken as playful banter. *Clark County*, 532 U.S. at 271. The fact that Burson subjectively found the request to be genuinely offensive does not outweigh this case law.

5

*Harris*, 510 U.S. at 21 ("The mere utterance of an…epithet which engenders offensive feelings in an employee' is not sufficient to support Title VII liability.") (internal citation omitted); *see also Faragher*, 524 U.S. at 787 (to be actionable, the conditions alleged "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did perceive to be so.") (citing *Harris*, 510 U.S. at 21-22).

No objective test would find Defendant's three comments concerning other the sex lives of other individuals perverse enough to result in a hostile work environment which affected Plaintiff's equal opportunities in employment. *See, e.g., Clark County*, 532 U.S. at 271 (finding a derogatory sexual comment made about another female employee insufficient to support a hostile work environment claim). Finally, Atwood's comment that he "really, really liked" Plaintiff, even in conjunction with the other allegations, is not severe or pervasive enough to amount to discriminatory changes in the terms and conditions of employment. *Faragher*, 524 U.S. at 787 (the Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment" for purposes of a hostile work environment claim).

Title VII is only meant to bar conduct that reaches the level of destroying a protected class member's opportunity to succeed in the workplace by creating a hostile or abusive working environment. *Weller v. Citation Oil*, 84 F.3d 191, 195 (5th Cir. 1996); *Clark County*, 532 U.S. at 270. While sexually discriminatory verbal intimidation, ridicule, and insults may be sufficient to create an environment that violates Title VII, Atwood's three alleged off-color remarks and his single verbal advance simply cannot compare to the realm of non-physical conduct that the Supreme Court and the Fifth Circuit have found pervasive or severe enough to alter the conditions of a victim's employment and create an abusive working environment. *Compare* Am.

Compl. [Dkt. #12] with *EEOC v. Boh Bros. Constr. Co., L.L.C.,* 731 F.3d 444, 461 (5th Cir. 2013) (hostile work environment established where supervisor "hurled raw sex-based epithets uniquely at [plaintiff] two-to-three times a day, almost every day, for months on end,") and *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806-08 (5th Cir. 1996) (hostile work environment established when employer asked Plaintiff and other female employees multiple times a week for almost six months about their sexual activities, made derogatory comment to a pregnant employee, and commented to Plaintiff "when you open the door [to her office], the smell of fish hits you in the face"). Instead, Burson's allegations describe "mere utterances… which engender offensive feelings in an employee" but do not affect the conditions of her employment for purposes of Title VII. *Clark County*, 532 U.S. at 270-271 ("whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including….whether it is physically threatening or humiliating, or a mere offensive utterance"); *Harris*, 510 U.S. at 20; *Meritor*, 477 U.S. at 67; *Weller*, 84 F.3d at 194; *Farpella-Crosby*, 97 F.3d at 806.

Plaintiff gives no concrete examples of how Atwood's behavior caused her to be less successful at work or unable pursue the same opportunities as male employees, nor does Plaintiff provide any specific allegations of discrimination against any other female employees. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (holding that vague and unsubstantiated assertions are not sufficient to establish a case of hostile work environment in violation of Title VII). Without more, Atwood's comments to Plaintiff cannot be reasonably perceived as severe or pervasive enough to create a hostile or abusive work environment as required for a Title VII claim. *Id.; see also Harris*, 510 U.S. at 23. Accordingly, the undersigned RECOMMENDS the District Court GRANT the Motion to Dismiss [Dkt. #10] as to Plaintiff's hostile work

environment claim.

### C.     Retaliation Claim

Title VII's anti-retaliation provision prohibits an employer from "discriminating against" an employee because that individual "opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). This provision seeks to secure Title VII's primary objective of promoting a workplace free from discrimination by "preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006). In order to establish a Title VII retaliation claim, Plaintiff must have suffered an adverse negative employment action causally related to the protected activity. *Id.* at 67 ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."); *see also Collins v. Baptist Memorial Geriatric Center*, 937 F.2d 190, 193 (5th Cir. 1991); *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). The only possible adverse employment action Burson suffered after reporting Atwood's conduct to the school board would be her alleged constructive discharge. *See Landgraf v. USI Film Products*, 968 F.2d 427, 431 (5th Cir. 1992); [Dkt. #12].

To constitute a constructive discharge, the employer must have made working conditions "so intolerable that a reasonable employee would feel compelled to resign." *McCoy,* 492 F.3d at 557. This is to be judged by an objective "reasonable employee" test in which the court must ask whether a person in the Plaintiff's shoes would have felt compelled to resign." *Id.* Factors the court must examine in determining whether the employer's actions constituted a constructive discharge include: (1) demotion; (2) salary reduction; (3) job responsibility reduction; (4) reassignment to menial or degrading work; or (5) badgering, harassment, or humiliation by the

employer intended to encourage employee's resignation. *Id.* None of these factors apply to the current dispute, and Plaintiff has not pointed to any conduct by the Defendant in response to her report on Atwood's behavior that would cause a reasonable employee in her position to feel compelled to resign. *See id.* (holding that there was no constructive discharge when Plaintiff had not been demoted or suffered a reduction in salary); *compare with Burlington*, 548 U.S. at 69 (changing a mother of young children's work schedule to an incompatible time and excluding an employee from a weekly training lunch are examples of conduct the Supreme Court found as capable of deterring a reasonable employee from complaining about discrimination); [Dkt. #12].

Plaintiff claims that she was badgered by the school board during its investigation of Atwood's reported sexual harassment, but she does not allege any specific actions by Defendant that could be interpreted as efforts to encourage her resignation. *Id.* at 558 ("These actions, when viewed in the context of the circumstances surrounding them, were not calculated to encourage [Plaintiff's] resignation, and do not meet the established standard for a constructive discharge."). In addition, although Plaintiff claims the board took no action to prevent further harassment of Plaintiff, she does not allege any harassing conduct that occurred after her meeting with the school board. *See id*; *Landgraf,* 968 F.2d at 430 ("Title VII does not require than an employer use the most serious sanction available to punish an offender"). It has already been determined that Atwood's conduct was not severe or pervasive enough to have created a hostile work environment. *See Burlington*, 548 U.S. at 67 ("we believe it is important to separate significant harm from trivial harm"); *see also McCoy,* 492 F.3d at 558*.* Thus, Plaintiff fails to establish that a constructive discharge occurred because a reasonable employee in her position would not have been compelled to resign. *McCoy,* 492 F.3d at 558*.*

The anti-retaliation provision seeks to prevent employer actions that are likely to deter

9

victims of discrimination from complaining to the EEOC, the courts, and their employers. *Burlington*, 548 U.S. at 68. No reasonable employee would be deterred from reporting future discrimination by any action (or inaction) on the part of the Defendant after Burson reported Atwood's alleged sexual harassment. *See id.* ("petty slights, minor annoyances, and simple lack of good manners will not create such deterrence"). Therefore, the undersigned RECOMMENDS that the Motion to Dismiss [Dkt. #10] be GRANTED as to Plaintiff's retaliation claim.

### IV. RECOMMENDATION

For the reasons outlined above,

Plaintiff's Motion to Amend the Complaint [Dkt. #12] is **GRANTED.**

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Florence Independent School District's Motion to Dismiss For Plaintiff's Failure to State a Claim [Dkt. #10] and **DISMISS** Plaintiff's Amended Complaint **WITHOUT PREJUDICE.**

**SIGNED** August 25, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE